IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR364 |
| Plaintiff, | ) ) | |
| vs. | ) ) | TENTATIVE FINDINGS |
| RONALD GILLETT, | ) ) | |
| Defendant. | ) ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 52).  *See* Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant raises several objects to the PSR.  The objections are addressed below.

*Page 2 - Personal Information*

The Defendant objects to information in the PSR indicating that he has used other dates of birth, social security numbers, an Iowa drivers license number, and aliases.  The objections are denied because they do not affect the sentencing guideline calculation and for the reasons stated in the Addendum to the PSR.

*¶ 20 - Government's Version of the Offense*

The Defendant's objection to a statement in the government's version of the offense is denied.  The Court is not at liberty to change the government's version of the offense.

***¶ 24 - Role in the Offense***

Paragraph 18 of the plea agreement states that the parties agreed that the Defendant should receive a 3-level role reduction pursuant to U.S.S.G. § 3B1.2 because his role was "less than minor but more than minimal." The PSR includes no role reduction. In the objections to the PSR, the Defendant argues for a minimal role reduction of 4 levels.

The objection is granted only to the extent that the plea agreement will be honored. Therefore, the Defendant shall receive a 3-level role reduction for having a less than minor but more than minimal role in the offense pursuant to U.S.S.G. § 3B1.2. The result is a total offense level of 14, criminal history category III, and a guideline range of 21-27 months.

***¶ 49 - Prior Arrest***

This objection to the prior arrest is denied because it does not affect the sentencing guideline calculation.

***¶ 50 - Prior Arrest***

The Defendant objects to the inclusion of this alleged arrest, arguing that the arrest was his brother's and that he was incarcerated with respect to the prior offense described in ¶ 45 when the alleged offense in ¶ 50 was committed. This matter does not affect the sentencing guideline calculation. However, the allegations have resulted in an active warrant. The objection will be heard at sentencing. The government bears the burden of proof by a preponderance of the evidence.

IT IS ORDERED:

1. The Court's tentative findings are that the Defendant's Objections to the Presentence Investigation Report (Filing No. 52) are granted in part and denied in part as follows:

   a. the objections to the personal information on page 2, the government's version of the offense in ¶ 20, and ¶ 49 are denied;

   b. the objection to ¶ 24 is granted to the extent that the Defendant shall receive a 3-level role reduction pursuant to U.S.S.G. § 3B1.2 and the plea agreement;

2. The Defendant's objection to ¶ 45 will be heard at sentencing, with the government bearing the burden of proof;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 27th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge